1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JASON BARNARD,                                    )        No. CV 15-1375-GW (JCx)
                                                              )
              Plaintiff,                      )
                                                              )        ORDER DISMISSING ACTION
            v.                                     )        WITHOUT LEAVE TO AMEND
                                                              )
UNITED STATES,                                   )
                                                              )
              Defendant.                    )
                                                              )
                                                              )

The present lawsuit is the latest in a series of unintelligible actions brought by Plaintiff Jason Bernard ("Plaintiff"), a self-proclaimed schizophrenic, which have previously been dismissed without leave to amend.[1] In his complaint herein, Plaintiff indicates that he is attempting to bring an action for fraud against the United States. However, the exact basis for the fraud claim is unclear.

The complaint contains a stream of consciousness outpouring of unrelated and mostly incoherent sentences, phrases and numbers. For example, the first paragraph

---

[1]   In Case No. CV-14-0737, Plaintiff sued the Defendant United States of America "because the 14th Amendment has been broken" and inter alia: (1) he had been discriminated against because "[his] penis had been measured" and its dimensions broadcast "throughout the media;" (2) his "thoughts and words broadcast;" and (3) he has "been the butt end and front end of jokes, an amount of ridicule, and fun house for the American people." See Docket No. 1. In Case No. CV-14-0781, Plaintiff alleged that the "13th Amendment has been broken" and also that he suffered from the same discriminatory acts as delineated in his prior court case. In Case No. CV-14-0814, Plaintiff sued because "the 1st Amendment has been broken." In Case No. CV-14-0833, Plaintiff filed the action because "the Eighth Amendment has been broken."

1  in his "Statement of Facts" reads: "In 1985, the Spirit of God (David Lee Roth) I had
2  witnessed and Jesus Christ had descended on me (Matthew 3:16-17). I had received
3  the Promise of the Father (Acts 1:4-5)." See Docket No. 1 at 3. In paragraph 10, he
4  avers that "On Jan. 24, 2014, I had been told by ABC News in Los Angeles, CA I had
5  been the Holy Spirit." Id. at 4. On page 11, line 19 of the Complaint, Plaintiff states:
6  "Penis size: [25/52], (26/62, 27/72, {28/82}, 29/92, 37/73 (old) {new} [now]."

7      This lawsuit is dismissed without leave to amend. First, Plaintiff has not
8  alleged a basis for subject matter jurisdiction. While Plaintiff does cite to 28 U.S.C.
9  § 1331, nowhere in the complaint is there any allegation which refers to, raises or
10  even suggests a federal question. Plaintiff in the complaint also refers to fraud,
11  although he has not set out with specificity the elements of fraud as required by
12  Federal Rule of Civil Procedure 9(b). More importantly, for a plaintiff to bring an
13  action for fraud against the United States, he must first exhaust the administrative
14  remedies as required in the Federal Torts Claims Act, 28 U.S.C. § 2675(a). See *Stone*
15  *Dong Fan v. United States*, 516 Fed. App. 636, 637 (9th Cir. 2013) ("The District
16  Court lacked subject matter jurisdiction over [the pro per plaintiff's] claims for . . .
17  fraud because [he] failed to exhaust his administrative remedies as required by the
18  FTCA."). Plaintiff has failed to allege any exhaustion of administrative remedies.
19  Second, Plaintiff's complaint herein, utterly fails to state a claim, but more signi-
20  ficantly, it is simply incoherent and non-comprehensible.

21      This Court understands that Fed. R. Civ. P. 15(a) indicates that leave to amend
22  should freely be given when justice so requires, and that appellate courts are very
23  cautious in approving a district court's decision to deny a pro per leave to amend,
24  especially where the plaintiff has not previously been given leave to amend. See
25  *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). However, here, the Plaintiff
26  has already filed four previous lawsuits with similar unintelligible averments which
27  have all been dismissed without leave to amend. There is no indication that, given
28  the opportunity, he could fashion a coherent and cognizable claim that could be

1  litigated in federal court.

2       For the above stated reasons, this action is dismissed without leave to amend.

3

4

5  Dated: This 27th day of April, 2015.

6                                                _____
                                                 GEORGE H. WU
7                                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28